UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WILLIAM VETTER,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, *et al.*,<br><br>        Defendants. | Case No.  2:22-cv-02241-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S SECOND APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS FIRST APPLICATION AS MOOT<br><br>ECF Nos. 3 & 7<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) STAND BY HIS FIRST AMENDED COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL;<br><br>    (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 8<br><br>THIRTY-DAY DEADLINE |

    Plaintiff, a state prisoner, brings this section 1983 case against the California Department of Corrections and Rehabilitation ("CDCR"), the California Health Care Facility ("CHCF"), and the warden of CHCF, Gena Jones. ECF No. 8. He alleges that defendants violated state law in failing to provide him with large, "prison industry authority" socks. *Id.* at 5-8. These allegations

do not state a cognizable claim under section 1983. I will give plaintiff leave to amend before recommending that this action be dismissed. Additionally, I will grant plaintiff's second application to proceed *in forma pauperis*, ECF No. 7, and deny his first application, ECF No. 3, as moot.

## Screening Order

### I.   Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's allegations concerning defendants' failure to comply with state law and to provide him with socks do not give rise to a colorable federal claim. *See Moreland v. Las Vegas Metro. Police Dep't.*, 159 F.3d 365, 371 (9th Cir. 1998) ("[S]tate law violations do not, on their own, give rise to liability under § 1983."); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370-71 (9th Cir. 1996) ("Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal Constitution and laws."). And, even if his claims are construed as proceeding under the Eighth Amendment, plaintiff has not alleged that the failure to provide him with socks caused him any risk of injury or deprivation serious enough to invoke that amendment's protections. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.").

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED and his first application to proceed *in forma pauperis*, ECF No. 3, is DENIED as moot.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend that this action be dismissed.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   March 3, 2023             _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE